

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Barry Myrvold**<br>*Special Federal Litigation*<br>(212) 788-9391<br>(212) 788-9776 (fax)<br>bmyrvold@law.nyc.gov |

June 4, 2008



**By Hand**
Honorable Barbara S. Jones
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Jacquelyn Johnson v. City of New York, et al., 08 CV 4855 (BSJ)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this action. I am writing with plaintiff's counsel's consent to respectfully request a sixty-day enlargement of time from June 12, 2008 to August 12, 2008 to respond to the complaint on behalf of the City.[1]

        There are several reasons for seeking this enlargement of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, it is alleged that on December 16, 2007, plaintiff was falsely arrested, illegally strip-searched and malicious prosecuted for possession of a forged instrument and criminal impersonation. The charges were apparently dismissed on February 11, 2008. As a result of the dismissal, the records relating to

---

[1] According to the docket, the individually named defendant identified in the caption as N.Y.P.D. Officer Michael Kreiman, was served with process on May 27, 2008; however, as of this date no request for representation has been received from him. Without appearing on his behalf, it is respectfully requested that, if he has been served, the same extension be granted to him to ensure that his defenses are not jeopardized while representation issues are being decided.



Honorable Judge Barbara S. Jones
Jacquelyn Johnson v. NYC, et al.
June 4, 2008
Page 2

the arrest and prosecution may be sealed. Currently, this office is in the process of forwarding to plaintiff's counsel for execution a consent and authorization for the release of records that may have been sealed pursuant to N. Y. Criminal Procedure Law § 160.50. The executed release is necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the plaintiff's alleged arrest and prosecution. This office is also in the process of forwarding to plaintiff's counsel for execution medical releases, which are necessary for our office to obtain the medical records pertaining to plaintiff's alleged physical injuries and treatment.

Further, assuming the officer has been properly served, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individual police officer defendant. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be enlarged to August 12, 2008. No previous request for an enlargement of time to respond to the complaint has been made in this action. I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry Myrvold

Enc.
cc:   George Wachtel                    By Fax (212) 529-0644
      Law Office of Ronald L. Kuby
      *Attorneys for Plaintiff*

Application Granted.

SO ORDERED
Dated:   BARBARA S. JONES
         PANTONE U.S.D.J.   6/5/08