UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JACQUELYN JOHNSON,

                                                Plaintiff,

                -against-

THE CITY OF NEW YORK, NYPD OFFICER
MICHAEL KREIMAN, Shield 10939,

                                                Defendants.

------------------------------------------------------------------------ x

08 CV 4855 (BSJ)

**ANSWER**

**JURY TRIAL DEMANDED**

       Defendants City of New York and Police Officer Michael Kreiman by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated May 16, 2008, respectfully state, upon information and belief, as follows:

       1.  Deny the allegations set forth in paragraph "1" of the Complaint.

       2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court and plaintiff purports to base venue in this district as stated therein.

       3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

       4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Michael Kreiman is employed by the City as a police officer and state that the allegations regarding his acting "in his capacity as a New York City police officer, in furtherance of his employer's interests, and in conformance with the laws, rules,

regulations, usages and practices of the City of New York and the New York City Police Department" are legal conclusions that do not require a response.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York and that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that on or about March 6, 2008, the City's Comptroller's Office received a document purporting to be a notice of claim.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that on December 16, 2007, plaintiff was contacted by telephone and asked to come to the 50th Precinct stationhouse to pick up an automobile.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff arrived at the 50th Precinct stationhouse.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that Kreiman

asked her for identification.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Kreiman was given what was purportedly plaintiff's driver's license and that he left the room with it.

13. Admit the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's obtaining the license.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff was placed in a cell in the 50th Precinct stationhouse.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff was transported to a central booking facility in the Bronx.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except admit that Kreiman signed a misdemeanor complaint, and respectfully refer to the complaint for a recitation of its terms.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendant repeats the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except respectfully refer to the 2006 CCRB Status Report and May 12, 2004 letter for a recitation of their terms.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint

38. Deny the allegations set forth in paragraph "38" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff provoked or was at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. There was probable cause to arrest, detain and prosecute plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

47. Plaintiff's state law claims are barred in whole or in part under the statutes of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

48. Defendant Kreiman has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

49. At all times relevant to the acts alleged in the Complaint, defendant Kreiman acted reasonably in the proper and lawful exercise of his discretion.

WHEREFORE, defendants City of New York and Police Officer Michael Kreiman demand judgment dismissing the complaint in its entirety, together with the costs

and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         August 8, 2008

                                          Respectfully submitted,

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                          City of New York
                                          *Attorney for Defendants*
                                          CITY OF NEW YORK and MICHAEL KREIMAN
                                          100 Church Street, Room 3-162
                                          New York, New York  10007
                                          (212) 788-9391
                                          bmyrvold@law.nyc.gov

                                          By: /s/   Barry Myrvold

<u>By ECF To:</u>
George Wachtel
Law Office of Ronald Kuby
*Attorneys for Plaintiff*
119 West 23rd Street, Suite 900
New York, New York 10011
(212) 529-0223